

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

5538

Dear Sir:

Opinion No. O-126
Re: Is it legal to pay an instruc-
tor in science at Southwest
Texas State Teachers College
out of Student Activity Funds
for acting as judge, etc., for
athletic event, in addition
to his regular salary approved
by the Board of Regents?

We are in receipt of your letter of October 17, 1939,
together with the enclosed letter from Dr. C. E. Evans, President
of Southwest Texas State Teachers College, in which you request an
opinion of this Department as to whether or not it is legal to pay
a science instructor at Southwest Texas State Teachers College out of
Student Activity Funds for acting as judge, umpire, or director of
athletic ebents in addition to the regular salary which he receives.

House Bill No. 255 of the 46th Legislature, 1939, is
commonly called the Educational Appropriation Bill. In the bill
one section is devoted to Southwest Texas State Teachers College.
Under this appropriation for this Institution the salaries of the
professors and instructors are itemized.

The Educational Appropriation Bill also contains certain
general provisions. Subsection 2 of the general provisions reads,
in part, as follows:

"Salary Provisions. No salary appropriated herein
shall be supplemented out of student fee funds, dormitory
funds, or local funds, except out of the Pure Feed Fund
at the Agricultural and Mechanical College or out of
funds received from the United States Government or its
agencies, unless so ordered by the governing board of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

institution to which such salary or salaries apply, at a regular meeting with at least a majority of the members of such board present, and such order shall be entered in the minutes of the proceedings of said board and shall set forth fully the reasons therefor. No full time instructional salary as itemized herein shall be adjusted to exceed an amount above the maximum full professor's salary as herein itemized to be appropriated from the General Revenue Fund of the State for the particular institution to which said salary or salaries apply, unless the maximum salary is being received, in which case such adjustment may be made not to exceed ten per cent above such maximum salary so received. . ."

The section above quoted is the only possible limitation that might be applied to the instructor's right to receive compensation for his services in acting as a judge or umpire in athletic contests.

It is to be noted, however, that the limitation set out in Section 2 does not apply in case of supplementary fee being paid out by the athletic or extramural department because of Subsection 11 of the general provisions which read as follows:

"Subsection (11). Athletic or Extramural Department. The general provisions made in this Act shall hot apply to athletic or extramural departments, nor to positions not contained in the itemized appropriation Act for the fiscal year ending August 31, 1933; and as to these exceptions, the governing board shall make such necessary rules and adjustments as may be deemed advisable."

In the letter from Dr. Evans it is indicated that the Student Activity Funds are deposited with the College and disbursed under the general direction of the College by the governing board of said College. Subsection 11, above quoted, provides that such disbursement may be made by said governing board.

It is the opinion of this Department, therefore, that the Instructor of Science at Southwest Texas State Teachers College may also receive, out of the Student Activity Fund, fees for acting as judge, umpire, or director in athletic contests.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By:       Billy Boldberg
             Assistant

BG:N
Approved Oct. 23, 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

Approved: Opinion Committee
By BWB, Chairman